DONOFRIO, COUNTY TREASURER, *v.*
B.G.R. INVESTMENT CORP.

(No. 83 CVF 7303—Decided
October 31, 1983.)

Akron Municipal Court.

*Mr. John W. Sharp,* for plaintiff.
*Mr. John A. Daily,* for defendant.

SCHNEIDERMAN, J.  A trial was held on October 14, 1983. John A. Donofrio, Summit County Treasurer ("treasurer"), seeks a $453.28 judgment from B.G.R. Investment Corp. ("B.G.R."). The claim is based on a $412.07 personal property tax assessment for the year 1980 plus a $41.21 penalty.

B.G.R. filed returns for 1979, 1981 and 1982, listing no taxable property and no tax was paid. No return was filed in 1980, and the amount claimed is a "forced assessment." In 1980, B.G.R. did not have property subject to a personal property tax.

B.G.R. did not receive notice of the 1980 assessment.

The treasurer contends that the assessment was final under R.C. 5711.25 and/or R.C. 5711.26, and that he is entitled to a judgment under R.C. 5719.08.

R.C. 5719.08 provides in part:

"When taxes stand charged against a person and are not paid within the time prescribed by law for their payment, the county treasurer, in addition to any other remedy provided by law for the collection of taxes, shall enforce the collection of the taxes by a civil action in the name of the treasurer against the person for the recovery of the unpaid taxes. If the proper parties are before the court, it shall be sufficient for the treasurer to allege in his complaint that the taxes stand charged upon the duplicate of the county against the person, that they are due and unpaid, and that the person is indebted in the amount appearing· to be due on the duplicate, and the treasurer need not set forth any further special matter relating thereto. *The tax duplicate shall be prima-facie evidence on the trial of the action of the amount and validity of the taxes appearing due and unpaid on the duplicate and of the nonpayment of the taxes,* without setting forth in the complaint any further special matter relating to the taxes." (Emphasis added.)

The 1980 tax duplicate is *prima facie* evidence that $453.28 is due the treasurer.

When a *prima facie* case is made, the burden of rebutting it is on the defendant, but the burden of proof does not shift. When a *prima facie* case is negated, it becomes a duty of the plaintiff to overcome the proof offered by the defendant. When all the evidence is in, the greater preponderance of the evidence must be in favor of the defendant. 42 Ohio Jurisprudence 3d (1983) 325-328, Evidence and Witnesses, Section 98.

B.G.R. produced evidence to counterbalance the *prima facie* case. It did not receive notice of any assessment as required by R.C. 5711.26 and 5711.31. The assessment was not final. B.G.R. did not have any taxable personal property in 1980 and no tax or penalty is due for that year.

One can be civilly and criminally liable for failure to file a tax return, but in this case the government seeks to tax when no tax is due. The treasurer failed to sustain his burden of proof.

It is ordered and adjudged that the plaintiff take nothing from the defendant, and that the action be dismissed on the merits and with prejudice.

*Complaint dismissed.*